IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| James M. Branham, | ) | C/A No.: 1:11-1246-JFA-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Sheriff Bruce M. Bryant, sued in his individual capacity; John A. Clark, | ) | |
| Defendants. | ) | |

Plaintiff James M. Branham ("Plaintiff"), proceeding *pro se* and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while he was a pretrial detainee being transferred to and incarcerated at York County Detention Center ("YCDC"). Before the court are the following motions: (1) Plaintiff's motion for subpoenas [Entry #36]; and (2) Defendants' motion to quash subpoenas and for protective order [Entry #40]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I. Factual Background

Plaintiff alleges that while being transported from the Cherokee County Detention Center in Georgia to YCDC on July 17, 2009, his leg restraints were too tight and caused him severe pain and injuries. [Entry #1 at 3]. He further alleges that despite repeated requests, the transporting officer did not loosen the restraints and that the YCDC did not provide him with sufficient medical care. *Id.* at 3–4. He seeks compensatory damages for the alleged physical and emotional injuries he claims to have sustained during the

transport and for Defendants' alleged failure to provide adequate medical care. *Id.* at 5. He also seeks punitive damages. *Id.*

II. Discussion

　A. Motion for Subpoenas

On December 16, 2011, Plaintiff filed with the court eleven subpoenas he had signed. [Entry #36]. The Clerk of Court docketed Plaintiff's filing as a motion for subpoenas. Eight of the subpoenas are directed to defendant Sheriff Bruce M. Bryant, two are directed to Plaintiff's medical providers, and one is directed to Smith and Wesson, Inc.[1]

The subpoenas signed by Plaintiff are not valid. Pursuant to Fed. R. Civ. P. 45, the clerk of court or an attorney acting as an officer of the court may issue a subpoena. Pro se parties may not issue subpoenas themselves. Plaintiff failed to file a motion seeking the issuance of his subpoenas and did not attempt to demonstrate why the proffered subpoenas should be issued. Even if Plaintiff had properly filed a motion, the discovery period in this case ended prior to Plaintiff's filing with the court. Consequently, Plaintiff's motion for subpoenas [Entry #36] is denied.

　B. Motion to Quash Subpoenas and for Protective Order

In response to Plaintiff's motion for subpoenas, Defendants filed a motion to quash and for protective order. [Entry #40]. In light of the foregoing finding that Plaintiff's subpoenas are invalid, Defendants' motion is denied as moot.

---

[1] The subpoena directed to Smith and Wesson, Inc. seeks documents having to do with "retention of germs on Handcuffs/Legshackles and the proper cleaning of Handcuffs/Legshackles and the sanitizing." [Entry #36 at 10].

IT IS SO ORDERED.

*Shiva V. Hodges*

May 30, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge