IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James M. Branham,<br><br>                    Plaintiff,<br><br>         v.<br><br>Sheriff Bruce M. Bryant, in his individual capacity; and John A. Clark,<br><br>                    Defendants. | C/A No.:   1:11-1246-JFA<br><br><br>ORDER |

Plaintiff James M. Branham (Branham) brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was a pretrial detainee being transferred to and incarcerated at York County Detention Center (YCDC).  This matter is before the court on the second motion for summary judgment filed by defendants Sheriff Bruce M. Bryant and Deputy John A. Clark.  *See* ECF No. 84.  Although Branham originally filed this action *pro se*, he obtained counsel before the defendants filed their second motion for summary judgment.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she recommends that this court grant the defendants' motion for summary judgment.  The Report and Recommendation sets forth the relevant facts[2] and standards of law in this matter, and the court incorporates such without a recitation.  Both

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

[2] One caveat.  The Report states that Branham filed this case while he was detained "on another charge," i.e., one separate from the charge for which he was originally arrested and transported to the YCDC.  *See* ECF No. 87, at 8. As the defendants explained, it appears this is incorrect.  *See* ECF No. 91, at 2–3.  After the alleged injury occurred, Branham was released on bond and then reincarcerated after he was tried and convicted on the same charge for which he was arrested.

1

Branham and the defendants have filed objections to the Report, and thus this matter is ripe for review.

Although the defendants have advanced several grounds on which they assert that they are entitled to summary judgment, the Report and Recommendation focuses only on Branham's alleged failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Branham does not deny that he failed to exhaust the administrative remedies available at YCDC. He instead contends that the PLRA's exhaustion requirement should not apply to him in this case.

In particular, Branham argues that his claim of excessive force is not a claim "with respect to prison conditions" within the meaning of § 1997e(a) because the alleged injury occurred while Branham was being transported from a Georgia detention center to YCDC. Additionally, Branham argues that he is not a "prisoner" within the meaning of this section despite the fact that he filed this action on May 25, 2011 while an inmate at the Ridgeland Correctional Institution in Ridgeland, South Carolina.[3] Specifically, he contends that, in his "unique" circumstances, he should be treated as a *former* prisoner because he was released from the YCDC on bond within 72 hours of the alleged injury on July 19, 2009 and was not incarcerated for almost a year until he was tried and convicted on June 8, 2010. He argues that the PLRA's exhaustion requirement would not have applied had he filed suit during the time that he was not incarcerated, that he was within the relevant statute of limitations in filing when he did, and that to hold the exhaustion requirement applicable to him now that he is again a prisoner would leave him without a remedy.

---

[3] Apparently, upon his conviction for the charge for which he was originally detained, Branham briefly returned to YCDC. He was then transferred to the custody of the South Carolina Department of Corrections.

The Magistrate Judge nevertheless found that the exhaustion requirement of the PLRA applies to Branham.  First, she recommended that Branham's claims were "with respect to prison conditions" because they relate to the effect of actions by a government official on the life of a person confined in prison.  *See* 18 U.S.C. § 3626(g)(2).  Next, the Magistrate Judge recommended that Branham is a "prisoner" within the meaning of § 1997e(a) because by filing the instant suit while incarcerated, he meets the plain definition of that term in § 1997e(h).  The Magistrate Judge also found that it did not matter that he could have filed the instant case while out on bond, as "any lost opportunity is a direct result of his own failure to pursue his claim in any way for almost two years."  ECF No. 87, at 9.  The court agrees and hereby adopts the Magistrate Judge's discussion of these claims into this Order.

Branham's sole objection is that the Magistrate Judge erred in finding that he should be subject to the exhaustion requirement of the PLRA.[4]  More particularly, Branham first argues that he "realistically" did not have the opportunity to file a grievance during his approximately two and one-half day incarceration at YCDC before being released on bond.  He states that he did not know of his need for medical attention the first day he arrived, he was unable to get the prison staff members' attention during his second day, and he was released within a few hours of receiving treatment on the third day of his incarceration.  According to Branham, after his release, he did not stay to file a grievance, but rather returned home to seek further medical attention.  In short, he now appears to be arguing that the YCDC's administrative remedies were not "available" to exhaust within the meaning of § 1997e(a).

---

[4] In his Objections, Branham does not appear to contest the Magistrate Judge's finding that his claims are "with respect to prison conditions."

3

Further, Branham continues to argue that because he could have brought this action during his release from his first incarceration without the PLRA's exhaustion requirement being applicable, it should not apply now that he has been incarcerated for a second time. Branham states that the "PLRA does not prohibit a Plaintiff from exercising his right to sue that existed prior to incarceration," though he cites no authority for this proposition. ECF No. 88, at 3. He again argues that to hold the exhaustion requirement applicable to him now would deny him a remedy and that this is inconsistent with the policy supporting the PLRA.

These objections are not persuasive. First, the court finds that administrative remedies were available to Branham during his first incarceration at YCDC. Although the YCDC prisoner grievance policy specifies a 72-hour window during which a prisoner must file a grievance, Branham had multiple opportunities to ask prison staff about doing so. For example, viewing the facts in the light most favorable to Branham and taking as true his allegations that he showed no sign of cellulitis on July 17, 2009 and that he could not get the attention of any staff member on July 18, 2009, he could have asked to file a grievance when he received medical treatment on July 19, 2009, prior to his release. Likewise, he could have asked to file a grievance following his release, that same day. Finally, although Branham states that he returned home and "sought much-needed medical attention in lieu of staying at YCDC to file a grievance," ECF No. 88, at 2, the court notes that he apparently did not visit the emergency room at Northside Hospital until July 24, 2009, five days later.

Next, the court finds that Branham is a prisoner within the meaning of § 1997e(a). The Fourth Circuit has stated that "it is the plaintiff's status at the time he filed the lawsuit that is determinative as to whether the § 1997e(a) exhaustion requirement applies." *Cofield v. Bowser*, 247 F. App'x 413, 414 (4th Cir. 2007). Thus, a "former inmate who has been released is no

4

longer 'incarcerated or detained' for the purposes of § 1997e(h) and therefore does not qualify as a 'prisoner' subject to the PLRA." *Id.*  Unlike the appellant in *Cofield*, however, Branham was not a former inmate at the time he filed his complaint.

Still, Branham argues that this court should deem him a former prisoner by virtue of his intervening release on bond.  Importantly, however, courts considering the applicability of § 1997e(a) on facts similar to Branham's have held the exhaustion requirement applicable.  *See, e.g.*, *Berry v. Kerik*, 366 F.3d 85, 86–88 (2d Cir. 2003); *Simpson v. Gallant*, 223 F. Supp. 2d 286, 292–93 (D. Me. 2002) (finding exhaustion requirement of PLRA applicable where the plaintiff's status changed "from prisoner to non-prisoner and back to prisoner").  In *Berry*, for example, the plaintiff was incarcerated at Riker's Island Correctional Facility and released on January 22, 1999.  He then returned to Riker's Island on September 17, 1999 on a charge of larceny.  The plaintiff filed two lawsuits during this second incarceration based on events which occurred during his first incarceration.  He was then released on bail on June 15, 2000, only to return a third time on August 15, 2000 on a charge of robbery.  Despite the plaintiff having been free between his first incarceration, when the events at issue occurred, and his second incarceration, when he filed the lawsuits, the Second Circuit held that because "Berry was a confined prisoner at the time he filed his lawsuits, section 1997e(a) is applicable."  *Berry*, 366 F.3d at 87.  Therefore, it appears that where the incarceration during which a prisoner files suit is subsequent to the incarceration during which the prisoner's alleged injury occurs because of an intervening period of release (e.g., on bond), the PLRA's exhaustion requirement still applies to that prisoner.  In this court's view, this principle is especially true where the second incarceration is on the same charge as the first and the prisoner is only temporarily released on bond in between the two, as in Branham's case.

5

To adopt Branham's proposed exception to the plain language of § 1997e(a) would, in effect, be to rewrite the statute. For example, Branham would prefer that the statute read: "No action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted, *except if the prisoner has been temporarily released prior to filing of the action*." This court, however, is bound by the language Congress chose when it enacted the PLRA.

Therefore, the PLRA exhaustion requirement applies to Branham. Because he did not exhaust his administrative remedies, he cannot now bring suit in this court, and the defendants are entitled to summary judgment. Accordingly, the court need not address the defendants' objections to the Report and Recommendation which relate to their first motion for summary judgment.

## CONCLUSION

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper. The PLRA's exhaustion requirement applies to Branham because he was a prisoner at the time he filed the instant lawsuit. Additionally, the court finds that administrative remedies were available to Branham at the YCDC and that he failed to exhaust them. Therefore, the defendants' motion is hereby granted, and this case is dismissed with prejudice.

IT IS SO ORDERED.

March 22, 2013                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge